# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR69 |
| --- | --- | --- |
| | ) | CASE NO. 8:06CR78 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| AUGUST J. DALLAS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Findings and Recommendation (8:04CR69, Filing No. 88; 8:06CR78, Filing No. 132) issued by Magistrate Judge F.A. Gossett recommending: the government's motion for a new competency evaluation (8:04CR69, Filing No. 77; 8:06CR78, Filing No. 121) be denied; the Defendant's objections thereto (8:04CR69, Filing No. 80; 8:06CR78, Filing No. 124) be denied as moot; and the Defendant's motion to dismiss (8:06CR78, Filing No. 128) be denied. Because the issues relating to the government's motion for a new competency evaluation and the Defendant's motion to dismiss are related, Judge Gossett presented the competency issue to this Court as a dispositive matter. No objections have been filed to the Findings and Recommendation as allowed by 28 U.S.C. § 636(b)(1)(C).

## FACTUAL BACKGROUND

*Motion for Competency Hearing*

Judge Gossett's Findings and Recommendation include a more detailed summary of the facts. Briefly, this Court previously ordered that Dallas be evaluated under 18 U.S.C. §§ 4241 and 4247(b) to determine whether a certificate under § 4246(a) should issue. Although this Court then ordered that the director of the FMC in Springfield, Missouri, submit a certificate or a statement indicating that a certificate would not be issued under

§ 4246(a) to this Court, proceedings were appropriately begun in the Western District of Missouri in *United States v. August J. Dallas,* case no. 6:08CV3444 (W.D. Mo. filed Dec. 5, 2008).[1] This Court can only view the PACER docket sheet of the Missouri case, and the Court is unable to view any of the sealed substantive documents filed in that case.

In these Nebraska cases, the government moved for a new competency evaluation because the attorney advisor for the Federal Medical Center ("FMC") in Springfield, Missouri, advised the U.S. Attorney's office that the Defendant's mental health has improved, he is now eligible for conditional release, and he might be competent to stand trial. An unidentified caseworker from the FMC reportedly told the Nebraska probation officer that the Defendant has been voluntarily taking medication that has improved his health to the point that he is being considered for pretrial release.

Judge Gossett held a hearing on this matter, noting that the government offered no evidence of Dallas's condition or whereabouts. Judge Gossett concluded that it would not be fruitful to hold another competency hearing until and unless the Missouri court ordered Dallas released from the FMC. Judge Gossett denied the motion for a new competency hearing without prejudice to reassertion if and when Dallas is released from the FMC "upon the condition that the United States also provides the court and opposing counsel with all relevant records from the § 4246 proceeding at the time such motion is filed." (Filing No. 132, at 6.)

---

[1] The Court acknowledges that jurisdiction in civil commitment proceedings under § 4246 is proper in the district in which the Defendant is confined. *United States v. Reynolds,* 163 Fed. Appx. 436, at **1 (8th Cir. 2006).

*Motion to Dismiss*

Dallas moves to dismiss the Indictment in 8:06CR78 because he has been in custody for most of the time since his March 23, 2006, arrest; he was legally insane at the time the offense was committed; and he claims that it is inevitable that he would be found not guilty by reason of insanity. Dallas asserts that he remains incompetent to stand trial, though his condition has improved since he has voluntarily taken drugs that were the subject of a *Sell* proceeding in this Court resulting in a ruling that the drugs could not be administered without Dallas's consent.

Judge Gossett noted that Dallas did not submit a brief in support of his motion to dismiss, and he presented no evidence regarding his present mental and physical condition. Therefore, Judge Gossett concluded the motion should be denied.

## DISCUSSION

Notwithstanding the absence of objections, under 28 U.S.C. § 636(b)(1)(C) the Court has conducted a de novo review of the record. The Court has read the parties' briefs and the court reporter's notes. Because Judge Gossett fully, carefully, and correctly applied the law to the facts, the Court adopts the Findings and Recommendation in their entirety.

*Motion for New Competency Hearing*

Briefly, after a defendant is evaluated under 8 U.S.C. § 4241, hospitalization may be ordered for a reasonable amount of time with the expectation that the defendant's mental health will improve so that trial may proceed. 18 U.S.C. § 4241(d)(2). If the defendant's mental health does not improve within the stated time period, a hearing must be held under 18 U.S.C. § 4246(c), and continued commitment must be based on 18 U.S.C. § 4246(d) relating to dangerous persons. 18 U.S.C. § 4246(e) requires that the

facility director file a certificate in the court that ordered the § 4246(d) commitment if the director determines that the defendant is no longer dangerous. 18 U.S.C. § 4246(e).

With respect to the government's motion for a new competency hearing, Judge Gossett concluded that the motion would be denied without prejudice to reassertion after the Defendant is released from the FMC treatment facility only if the government provides the Court and defense counsel all relevant records from the Missouri § 4246 proceeding once the newly asserted motion is filed. There are no objections to Judge Gossett's findings and recommendation, and the Court concludes that they should be upheld.

***Motion to Dismiss***

This Court agrees with Judge Gossett's recommendation to deny the motion, because the Court has no relevant evidentiary record upon which to base a decision.

Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (8:04CR69, Filing No. 88; 8:06CR78, Filing No. 132) are adopted in their entirety;

2. The government's motion for a new competency evaluation (8:04CR69, Filing No. 77; 8:06CR78, Filing No. 121) is denied;

3. The Defendant's objections to the government's motion for a new competency hearing (8:04CR69, Filing No. 80; 8:06CR78, Filing No. 124) are denied as moot; and

4. The Defendant's motion to dismiss (8:06CR78, Filing No. 128) is denied.

DATED this 5th day of January, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge